UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GARY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:11-cv-29 |
| | ) | *Chief Judge Curtis L. Collier* |
| | ) | |
| OFFICER ROBERT LEWIS, | ) | |
| CHATTANOOGA POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Plaintiff Gary Moore ("Plaintiff") has filed a *pro se* prisoners civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). In addition, he has also filed a motion to proceed *in forma pauperis* (Court File No. 1) and a motion to appoint counsel (Court File No. 4). Plaintiff contends his constitutional rights were violated on September 27, 2007, when Officer Robert Lewis of the Chattanooga Police Department stopped the vehicle in which he was a passenger; searched him without probable cause to so; and caused him to sustain a serious injury to his leg, for which he has incurred over $10,000.00 in medical bills at Erlanger Medical Center. Plaintiff seeks to recover two items that were allegedly confiscated from him during the search, i.e., an unspecified amount of money "with interest" and his driver's license. In addition, he seeks monetary relief for the violation of his civil rights, pain and suffering, and emotional distress (Court File No. 2).

For the reasons set forth herein, no service shall issue, and all claims in this complaint will be **DISMISSED** because they are time-barred (Court File No. 2). In addition, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART**(Court File No.

1), and his motion to appoint counsel will be **DENIED** because appointment of counsel is not warranted since Plaintiff's complaint will be dismissed (Court File No. 4).

## I. *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $350.00. Plaintiff, however, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner at Washington County Detention Center, his *in forma pauperis* application will be **DENIED** to the extent he will not be excused from paying the filing fee but **GRANTED** to the extent that he does not have to pay the total fee at this time, but rather, he will be **ASSESSED** and **SHALL** pay the civil filing fee of three-hundred and fifty dollars ($350.00) under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915 (Court File No. 1).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

  (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

  (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C.

2

§ 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Records at Washington County Detention Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[1]

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against Plaintiff without any additional notice or hearing by the Court.

---

[1] **Send remittances to the following address:**

    Clerk, U.S. District Court
    900 Georgia Avenue, Room 309
    Chattanooga, TN 37402

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

## II. *Standard of Review*

### A. *Pro Se* **Pleadings**

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" will not do. *Id.* at 555. Nevertheless, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Pro se* status, however, does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B. **Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A**

The Court screens the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Title 28

U.S.C. §§ 1915(e)(2) and 1915A require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim is frivolous and lacks an arguable basis in law, on its face, when the complaint bears an affirmative defense such as the statute of limitations. *Dellis v. Corrections Corporation of America*, 257 F.3d 508, 511 (6th Cir. 2001); *Day v. E.I. Du Pont De Nemours and Co.,* 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)).

### III.   Facts

For purposes of this review the Court accepts all factual allegations in the complaint as true. On September 27, 2007, Officer Robert Lewis of the Chattanooga Police Department stopped the vehicle in which Plaintiff was a passenger; took from Plaintiff money and his driver license; searched him without probable cause to do so; and caused him to sustain a serious injury to his leg, for which he has incurred over $10,000.00 in medical bills at Erlanger Medical Center.

### IV.   Analysis

#### A.   42 U.S.C. § 1983

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person

5

acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

### B. *Timeliness*

Title 42 U.S.C. § 1983 does not contain a statute of limitations. The United States Constitution and the federal statutes enacted by Congress do not expressly provide a statute of limitations for claims arising under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties). Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims.

Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under federal civil rights statutes shall be commenced within one year after the cause of action accrued. Federal law determines when claims accrue. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied,* 117 S. Ct. 2439, 138 L. Ed. 2d 199 (1997).

6

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.,* 633 F.2d 722, 725-26 (6th Cir. 1980). In 42 U.S. C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks,* 415 F.3d 558, 561 (6th cir. 2005); *Collyer,* 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991).

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, we look to the date when Plaintiff became aware of the claims he now raises.[2] *See generally Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (explaining that typically the statute of limitations for a claim alleging an unconstitutional search begins to run at the time when the plaintiff becomes aware of the unconstitutional action unless the action would imply the invalidity of a conviction). Because the alleged unconstitutional search and injuries occurred on September 27, 2007, and it does not appear from the record before the Court that any prosecution or conviction resulted from the alleged illegal search and therefore the concerns of the *Heck* favorable termination rule[3] are not implicated in this case, the Court concludes that Plaintiff's Fourth

---

[2] Plaintiff does not indicate whether the alleged illegal search resulted in an arrest and prosecution of him. If it did and the conviction has not been overturned, the *Heck* rule bars relief because a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged. Therefore, the statute of limitations does not begin to run until such a event occurs, if ever. *Heck v. Humphrey,* 512 U.S. 477, 489-90 (1994).

[3] The *Heck* favorable termination rule provides that the statute of limitations does not begin to run on a criminal defendant's § 1983 claim until the criminal charges have been dismissed if the § 1983 claim could bring the claimant's criminal conviction into question.

Amendment illegal search claim accrued at the time of the alleged illegal search, i.e., September 27, 2007. Therefore, the one-year statute of limitations commenced to run on that date. Consequently, the one-year statute of limitation expired on or about September 27, 2008, almost two years prior to Plaintiff filing this civil rights complaint.

Plaintiffs have one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983. The clerk of this district court received Plaintiff's *pro se* civil complaint by mail on July 2, 2010. Although the envelope does not reflect when the Plaintiff gave the complaint to the prison mailroom, he signed his complaint on June 29, 2010. The prison mailbox rule, provides that a filing of an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). For purposes of calculating the statute of limitations here, because the Court is unable to determine when Plaintiff delivered the mail to prison authorities for mailing, it will generously use the date on which Plaintiff signed his complaint, June 29, 2010. Therefore, Plaintiff's civil complaint is deemed to have been filed June 29, 2010, which consequently, is almost two years after the one-year statute of limitations had expired.

Accordingly, Plaintiff's 42 U.S.C. § 1983 complaint will be **DISMISSED WITH PREJUDICE** as frivolous on the ground that these civil rights claims are time-barred by the applicable statute of limitations, and therefore, lack an arguable or rational basis in law. *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998) *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by statute of limitations and did not present a rational basis in law); *Day v. E.I. Du Pont De Nemours and Co.,* 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint

appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous).

## V. *Conclusion*

Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983 because it is time-barred. 28 U.S.C. §§ 1915A. In addition, his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1) and his motion to appoint counsel will be **DENIED** (Court File No. 4).

Accordingly, Plaintiff' complaint will be **DISMISSED** in its entirety. An appropriate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**